UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

RAHEEM YUSUF,

      Petitioner,

-against-

RON EDWARDS, *Director Hudson County Jail*, ATTY
GENERAL WILLIAM P. BARR, MARK A. MORGAN,
*Acting Director of ICE*, and U.S. DEPARTMENT OF
HOMELAND SECURITY,

      Respondents.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 3605 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

  Petitioner Raheem Yusuf seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention without a bond hearing. (Pet., ECF No. 1.) Petitioner is a citizen of Nigeria who first came to the United States in 1999 as a visitor. (*Id.* ¶ 8.) He subsequently applied for lawful permanent residence, but his application was denied. (*Id.*) In 2012 and 2017, Petitioner was convicted of various felony offenses and sentenced to terms of probation and home confinement. (*Id.* ¶¶ 9–10.) During his term of home confinement, he was served with a Notice to Appear and placed in removal proceedings. (*See id.* ¶ 11.) In March of 2018, upon the conclusion of his term of home confinement, U.S. Immigration and Customs Enforcement took Petitioner into custody and detained him in the Hudson County Correctional Facility in Kearny New Jersey, where he has now been held without a bond hearing for approximately seventeen months. (*See id.* ¶¶ 1, 12.)

  Petitioner filed his habeas petition on April 23, 2018, arguing that because he was never sentenced to a period of incarceration for his criminal offenses, he could not be subject to mandatory detention without a bond hearing pursuant to § 236(c) of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1226(c). (*Id.* at 1.) He argued that his detention is instead governed by INA § 236(a), 8 U.S.C. § 1226(a), which generally entitles a noncitizen in removal proceedings to a bond hearing before an immigration judge. (*Id.* ¶¶ 17–33.) Petitioner also argued that his continued detention without a bond hearing "violates his right to due process under the Fifth Amendment." (*Id.* ¶ 34.)

On September 17, 2018, while his habeas petition was pending, the immigration judge presiding over Petitioner's removal proceedings denied his application for adjustment of status and ordered him removed from the United States. (Report at 2.) The Board of Immigration Appeals affirmed that order on February 11, 2019. (*Id.*) On March 12, 2019, Petitioner filed in the Second Circuit Court of Appeals a petition for review of the removal order and a motion to stay removal pending consideration of his petition for review. (*Id.*)

Before this Court is Magistrate Judge Barbara C. Moses's July 2, 2019 Report and Recommendation (the "Report"), recommending that Petitioner's habeas petition be granted and that Respondents be ordered to provide Petitioner with a bond hearing.[1] (Report, ECF No. 29, at 3, 20.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 20.) Respondents filed timely objections. (*See* Objs. to Report and Recommendation, ECF No. 30.) Subsequently, on August 7, 2019, Respondents filed a letter informing this Court that on August 1, 2019, the Second Circuit dismissed Petitioner's petition for review for lack of jurisdiction and denied as moot his motion to stay. (Resp't's Letter dated Aug. 7, 2019, ECF No. 31, at 1.) Respondents claimed that Petitioner's habeas petition is therefore moot and that this Court should reject Magistrate Judge Moses's Report and dismiss this action. (*Id.*)

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

In light of Respondents' August 7, 2019 letter alleging that Petitioner's habeas petition is moot, and Magistrate Judge Moses's recommendation in the Report that the petition be granted, the above-captioned case is hereby RECOMMITED to Magistrate Judge Moses for further proceedings, to determine whether her recommendation remains the same, or if the petition is indeed moot in light of the Second Circuit's August 1, 2019 decision.

Dated: New York, New York
August 9, 2019

AUG 0 9 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge